**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

TIFFANY MOSBY-GRANT            *
                               *
          v.                   *        Civil Action WMN-09-CV-01232
                               *
FREDERICK COUNTY <u>et al.</u>          *

     *     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM**

Before the Court is Defendants Frederick County and
Frederick County Sheriff's Office's Motion to Dismiss with
Prejudice, or in the Alternative, for Summary Judgment.  Paper
No. 5.  The Motion is fully briefed.  Upon review of the
pleadings and the applicable case law, the Court determines that
no hearing is necessary (Local Rule 105.6) and the Motion will
be denied as set forth below.

Plaintiff Tiffany Mosby-Grant has brought this action
against Defendants Frederick County and Frederick County
Sheriff's Office alleging retaliatory discrimination in
violation of Title VII of the Civil Rights Act of 1964.
According to Plaintiff's Complaint, Plaintiff filed for a job
with the Frederick County Sheriff's Office and on September 12,
2007, after proceeding partially through the hiring process, the
Sheriff's Office informed her that she was disqualified from
further consideration for employment as a Deputy Sheriff because
of information disclosed in her background investigation.

Plaintiff alleges, however, that her disqualification was based upon a previous lawsuit Plaintiff had filed against the City of Hagerstown's Police Academy alleging race and gender discrimination.  Defendants brought this motion to dismiss, or in the alternative for summary judgment, on the ground that Plaintiff failed to file her charge with the EEOC within 300 days of the alleged discriminatory act as required by 42 U.S.C. § 2000e-5(e)(1) (i.e., Plaintiff failed to timely exhaust her administrative remedies). [1]  The parties agree that the alleged discriminatory act occurred on September 12, 2007, the date that the Defendant Sheriff's Office advised Plaintiff of her disqualification.  The parties do not agree, however, on when Plaintiff filed her charge.

Defendants argue that Plaintiff filed her charge on September 16, 2008, the date the agency received the EEOC Form 5 entitled "Charge of Discrimination" filed by Plaintiff.  The EEOC first gave Defendants notice of Plaintiff's charge after Plaintiff filed this form.  Plaintiff argues, however, that she first filed her Charge of Discrimination with EEOC when she faxed and mailed a letter to the EEOC on April 28, 2008, which included the statement "Ms. Mosby-Grant hereby files her charge

---

[1] The parties agree that with respect to Maryland, which is a deferral state, the EEOC charge must be filed no later than 300 days after the alleged unlawful employment practice.  EEOC v. Hansa Products, Inc., 844 F.2d 191, 192 (4th Cir. 1988); White v. Mortgage Dynamics, Inc., 528 F. Supp. 2d 576 (D. Md. 2007).

with the EEOC."  Among other information, the letter provided a

description of the discrimination alleged and identified the

Defendants.  Plaintiff signed the letter under the penalty of

perjury.  Plaintiff also presented a date stamped copy of the

letter showing that EEOC received the letter on April 29, 2008.[2]

The Supreme Court in Federal Express Corp. v. Holowecki

laid out the standard for determining whether a filing with the

EEOC constitutes a charge.[3]  552 U.S. 389, 128 S.Ct. 1147 (2008).

The Supreme Court held in Holowecki that in order for a filing

with the EEOC to constitute a charge it must 1) contain the

_____

[2] Plaintiff filed the date stamped copy of the letter attached to
a pleading titled "Plaintiff's Line."  The Court considers the
line to be in the nature of a surreply and grants leave to
Plaintiff to file the surreply.

[3] Although Holowecki specifically analyzed whether an intake
questionnaire could constitute a charge, because the Holowecki
analysis focuses on the content of the filing and not the form
of the filing, the analysis equally applies to a letter filing.
See 552 U.S. 389, 128 S.Ct. 1147 (2008).  Moreover, although
Holowecki was an ADEA case, "[t]he ADEA's exhaustion of
administrative remedies requirement is nearly identical to that
of Title VII[,] See 42 U.S.C. § 2000e-5; 29 U.S.C. § 626,"  and
while neither statute "define[s] what constitutes a charge,
Holowecki, 128 S.Ct. at 1154, [] the EEOC's regulations setting
forth the basic information required of a charge are almost
identical under both statutes."  Grice v. Baltimore County,
Maryland, 2008 WL 4849322, at *4 n.3 (D. Md. 2008) (citing 29
C.F.R. § § 1601.12 & 1626.8 (2007)).  Therefore, this Court
agrees with other district courts that have already applied
Holowecki in Title VII cases and finds Holowecki applicable
here.  See id. (citing other district courts that have also
applied Holowecki to Title VII cases).

information required by EEOC regulations,[4] "i.e., an allegation
and the name of the charged party;" and 2) be "reasonably
construed as a request for the agency to take remedial action to
protect the employee's rights or otherwise settle a dispute
between the employer and the employee."   Id. at 1157-58.   In
determining whether the filing can be reasonably construed as a
request for the agency to take remedial action "the filing must
be examined from the standpoint of an objective observer to
determine whether, by a reasonable construction of its terms,
the filer requests the agency to activate its machinery and
remedial processes."   Id. at 1158.

---

[4] In White v. Mortgage Dynamics, this Court outlined the
regulations applicable to defining what constitutes a "charge"
under Title VII:

1) 29 C.F.R. § 1601.9 states that "a charge shall be in writing
and signed and shall be verified;"

2) 29 C.F.R. § 1601.12(a) identifies five pieces of information
a "charge should contain": (1)-(2) the names, addresses, and
telephone numbers of the person making the charge and the
charged entity; (3) a statement of facts describing the alleged
discriminatory act; (4) the number of employees of the charged
employer; and (5) a statement indicating whether the charging
party has initiated state proceedings; and

3) 29 C.F.R. § 1601.12(b), which says that even if the five
criteria are not referenced in a charge, "the EEOC will still
deem a 'charge' nonetheless sufficient when it receives from the
charging party 'a written statement sufficiently precise to
identify the parties, and to describe generally the action or
practices complained of.'"   White, 528 F. Supp. 2d 576, 580 (D.
Md. 2007).

Defendants do not argue that Plaintiff's letter does not meet the regulatory requirements for a "charge," but only that the letter does not contain a request for the agency to take remedial action.  This Court disagrees.  Plaintiff's intent that the letter be regarded as a "charge" is found in the subject line, "Tiffany Mosby-Grant Charge for Retaliation Against Frederick County."  In addition, Plaintiff's letter begins by stating that Plaintiff has claims for retaliatory discrimination against Defendants and that by the letter "Ms. Mosby-Grant hereby files her charge with the EEOC."  Plaintiff's use of the word "charge" was clearly intended to meet the requirement of 42 U.S.C. § 2000e-5(e)(1) requiring that a "charge" be filed with the EEOC before suit can be brought.  Thus, the use of the word "charge" in Plaintiff's letter provides strong indication of Plaintiff's intent for EEOC "to activate its machinery and remedial processes."

Defendants, however, argue that the final paragraph of Plaintiff's letter stating that she intended to prove her case before a jury and requesting a Notice of Right to Sue means that Plaintiff had no intention of activating the EEOC machinery and remedial process, but simply wished to skip the administrative process and proceed directly to court.  Defendants contend that because she was not interested in remediation, but only in a lawsuit, the letter does not manifest the intent required under

<u>Holowecki</u>.  The Supreme Court in <u>Holowecki</u>, however, indicated
that the reason for requiring some manifestation of intent above
and beyond the regulatory requirements of a charge is to
distinguish between individuals desiring information about their
rights and individuals who are actually wanting the EEOC to take
action.  128 S.Ct. at 1157.  The Court was concerned that "if an
individual knows that reporting this minimal information to the
agency will mandate the agency to notify her employer, she may
be discouraged from consulting the agency or wait until her
employment situation has become so untenable that conciliation
efforts would be futile."  <u>Id.</u>  While Plaintiff may have
preferred to go straight to court, she was required to first
exhaust her administrative remedies by filing a charge with the
EEOC, which Plaintiff did.  See <u>White v. Mortgage Dynamics</u>, 528
F. Supp. 2d 576, 579-80 (D. Md. 2007) ("An employee wishing to
bring suit under Title VII and/or the ADEA to protest a wrongful
employment practice must first 'file' a 'charge' of
discrimination."). Her language is clear that she is not simply
looking for information, but she wanted the agency to take the
action it needed to proceed with her discrimination claim.
Moreover, "[d]ocuments filed by an employee with the EEOC should
be construed, to the extent consistent with permissible rules of
interpretation, to protect the employee's rights and statutory
remedies."  <u>Holowecki</u>, 128 S.Ct. at 1160.  Thus, the Court finds

that Plaintiff's letter manifested the intent of Plaintiff to activate the EEOC machinery and remedial process.

Defendants also contend that the EEOC did not consider the letter a charge and so it cannot, therefore, be a charge.  Defendants' sole support for their supposition is that the Notice of Right to Sue issued by the agency on February 11, 2009, stated that "less than 180 days have passed since the filing of this charge" and Plaintiff's letter was sent more than 180 days prior to February 11, 2009.  Even if Defendants' interpretation of this evidence were correct, while relevant to this Court's analysis, it is not dispositive.  See  White, 528 F. Supp. 2d at 582 ("While the EEOC's treatment of the questionnaire is relevant, it is not necessarily conclusive." (citing Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1321 (11th Cir. 2001); Downes v. Volkswagen of Am., Inc., 41 F.3d 1132, 1139 (7th Cir. 1994); Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 544 (7th Cir. 1988))).  The evidence provided, however, establishes nothing more than the agency failed to act on Plaintiff's charge when she initially filed it.  "Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII claim."  Edelman v. Lynchburg College, 300 F.3d 400,

404 (4th Cir. 2000).  Thus, this Court finds Plaintiff's

letter to the EEOC dated April 28, 2008, to be a timely

filed "charge" and Plaintiff has met her statutory duty to

exhaust her administrative remedies.

For the foregoing reasons, Defendants' Motion to Dismiss

with Prejudice, or in the Alternative, for Summary Judgment will

be denied.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge

October 22, 2009